Akin *et al. vs.* Geiger *et al.*

---

CHARLES P. AKIN *et al.,* plaintiffs in error, *vs.* RANDAL C. GEIGER *et al.,* defendants in error.

When A. died, leaving a will, in which he devised to his widow a certain parcel of land, and to his minor daughter a certain other parcel, and afterwards the widow had a homestead set apart to her and the minor daughter out of this same land:

Dowdy *vs.* McLellan.

*Held,* that this was not an election not to take under the will, and her devise did not, on her intermarriage with a second husband, go to all the children of her first husband, as a determined homestead.

Wills. Election. Homestead. Before Judge HALL. Jasper Superior Court. August Adjourned Term, 1873.

A report of the facts of this case is unnecessary to an understanding of the principle embraced in the opinion.

C. L. BARTLETT, for plaintiffs in error.

CLARKE & PACE; F. JORDAN, for defendants.

McCAY, Judge.

We see no error in the judgment sustaining the demurrer. The homestead is only an exemption of the property from the debts of the intestate, and the only effect of having the specific land covered by the devise set off as a homestead, was to protect it against the debts. It could not affect the heirs any way, unless, by lying still, they permitted it. The marriage of the wife takes from her devise the protection the homestead gave it, and that is all. There was nothing in the laying off the homestead inconsistent with the will. It rather sought to give it effect than to deny it, or any of its provisions.

Judgment affirmed.